D. Greg Durbin, # 81749
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Plaintiff
E. & J. Gallo Winery

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

E. & J. GALLO WINERY, a California corporation,

Plaintiff,

v.

YOOX Corp, a Delaware Corporation,

Defendant.

Case No.

**COMPLAINT FOR**

**FEDERAL TRADEMARK INFRINGEMENT, FEDERAL TRADEMARK DILUTION, FEDERAL FALSE SUGGESTION OF ORIGIN, STATE TRADEMARK INFRINGEMENT, STATE TRADEMARK DILUTION, STATE UNFAIR COMPETITION, CALIFORNIA CELEBRITY IMAGE PROTECTION ACT and UNJUST ENRICHMENT**

Plaintiff E. & J. Gallo Winery ("Gallo") for its complaint against Defendant alleges:

## JURISDICTION AND VENUE

1. This is an action seeking injunctive relief for federal trademark infringement under 15 U.S.C. §§ 1051 *et seq.*, state trademark infringement under California Business and Professions Code § 14200 *et seq* , federal trademark dilution under 15 U.S.C. § 1125 (c), state trademark dilution under California Business and Professions Code § 14200 *et seq.*, federal false suggestion of origin under 15 U.S.C. §§ 1051 *et seq*, the California Celebrity Image Protection Act under California Civil Code Section 3344.1(a), unfair competition under California Business and Professions Code § 17200, and

unjust enrichment.

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338 (b) and 1332, and the doctrine of supplementary jurisdiction. Acts giving rise to the claims asserted herein have occurred and will occur in this District. Venue properly lies within this District pursuant to 28 U.S.C. §1391.

**PARTIES**

3. Gallo is a California corporation with its principal place of business in Modesto, California. Its products are sold, advertised and distributed throughout this District. The injury described herein has occurred and will occur in this District.

4. Defendant Yoox Corporation ("Defendant") is a Delaware corporation having its principal place of business in Hoboken, New Jersey. Defendant has solicited business from, and promoted and sold goods to residents of this District:

**CLAIM ONE**

**(Federal Trademark Infringement – GALLO Trademark)**

5. Gallo owns all rights in and to, among others, the federal trademark registrations listed below, each of which is valid and subsisting, uncancelled and unrevoked:

| TRADEMARK | REG. NO. | ISSUE DATE | GOODS |
|---|---|---|---|
| GALLO | 444,756 | 3-24-53 | Wines |
| ERNEST & JULIO GALLO | 778,837 | 10-20-64 | Wines |
| GALLO | 887,959 | 03/17/70 | Meats/cheese |
| GALLO | 891,339 | 5-19-70 | Wines and Champagnes |
| GALLO | 1,319,587 | 02/12/85 | Meats/cheese |
| GALLO | 1,650,478 | 7-09-91 | Corkscrews |
| JULIO R. GALLO | 1,813,967 | 12-28-93 | Wines |
| ERNEST GALLO | 1,815,078 | 1-4-94 | Wines |

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

| | | | |
|---|---|---|---|
| GALLO SONOMA | 1,911,682 | 8-15-95 | Wines |
| GALLO OF SONOMA | 2,231,215 | 3-9-99 | Wines |
| GALLO | 2,320,063 | 2-20-00 | Clothing |

6. Gallo first began using the GALLO trademark in 1933 when Ernest Gallo and Julio Gallo founded the company. The GALLO trademark has been used continuously since that time. Gallo has sold billions of bottles of wine throughout the United States bearing the GALLO trademark and has spent over $600,000,000 promoting it. Goods bearing the GALLO trademark are sold and promoted to consumers nationwide. Among the many types of promotional items on which the GALLO trademark is used are various articles of clothing. The GALLO trademark has a high degree of consumer recognition and in the United States stands exclusively for goods made or licensed by Gallo. Courts have held without exception that the GALLO trademark is extraordinarily strong and is entitled to the broadest possible protection.[1]

7. The term "Gallo" means "rooster" in Italian and, for many years, Gallo has used roosters in its logo. Both its corporate crest and its "two roosters" logo prominently feature roosters. These logos are registered trademarks of Gallo:

| TRADEMARK | REG. NO. | ISSUE DATE | GOODS |
|---|---|---|---|
| GALLO CREST | 964,331 | 7-17-73 | Wines |
| TWO ROOSTERS | 2,159,050 | 5-19-98 | Wines |

8. Gallo has vigorously protected its trademark against third party infringement and dilution and has stopped others from using its marks on a wide variety of goods and services, including: habanero sauce, salsa, beer, mezcal, cheese, wine, rice, coffee bags, shoes, sportswear, t-shirts, caps, bar towels, tote bags, jeans, jackets, canned vegetables, pasta, pickled jalapeño peppers, garlic butter, olive oil, dinnerware, tobacco products, toys, potato chips, hosiery, ties and related

[1] Those cases include *E. & J. Gallo Winery v. Spider Webs Ltd.*, 129 F.Supp. 2d 1033 (S.D. Tex. 2001), *affirmed,* 2002 U.S. App. LEXIS 5928 (5th Cir. 2002); *E. & J. Gallo Winery v. Pasatiempos Gallo, S.A.*, 905 F.Supp. 1403 (E.D. Cal. 1994); *E. & J. Gallo Winery v. Consorzio del Gallo Nero*, 782 F.Supp. 457 (N.D. Cal. 1991); *E. & J. Gallo Winery v. Gallo Cattle Company*, 12 U.S.P.Q.2d 1657 (E.D. Cal. 1989), *affirmed,* 967 F.2d 1280 (9th Cir. 1992).

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

products, the naming of thoroughbred race horses, playing cards, board games, confetti, poker chips, compact discs, stereo equipment, drafting tables, women's coats, men's hats, polo shirts, cigars, ceramics, veterinary products, sauces, socks and scarves, pasta, and as domain names for web sites. That enforcement program has preserved the effectively exclusive connection between the GALLO trademark and Gallo.

9. Defendant sells clothing and other items via their web site, www.yoox.com. Its goods are available for purchase by everyone, including persons residing in this District. Defendant has satisfied orders from and sold goods to persons into this District.

10. Defendant began using the trademark GALLO without authorization from Gallo in the promotion and sale of the aforementioned goods in this District. Such unauthorized use of the GALLO mark by Defendant creates a likelihood of confusion with Gallo's marks and products and constitutes an infringement of Gallo's trademark rights under 15 U.S.C. §§ 1114 *et seq.*

11. Defendant's infringing conduct is willful, intentional, and in bad faith. On information and belief, Defendant did not seek the advice of trademark counsel prior to beginning use of the GALLO trademark. The font and logo used on Defendant's clothing bearing the GALLO trademark is *identical* to that used on other items of clothing that Gallo has previously objected to and whose use has been enjoined.

WHEREFORE, Gallo prays for relief as set forth below.

**CLAIM TWO**

**(California Trademark Infringement – GALLO Trademark)**

12. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 11.

13. Gallo owns all rights in and to the California trademark registrations listed below:

| MARK | NUMBER | DATE | GOODS |
|---|---|---|---|
| GALLO | 28047 | 02-07-46 | Wines |
| ERNEST & JULIO GALLO | 97828 | 07-16-93 | Wines |

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

| GALLO SONOMA | 99242 | 08-10-94 | Wines |
|---|---|---|---|

14. Gallo first used the registered trademark in California in 1933 and has used it continuously in California since that time.

15. Defendant's unauthorized use of the GALLO mark creates a likelihood of confusion with Gallo's marks and products and constitutes an infringement of Gallo's trademark rights under California Business and Professions Code § 14200 *et seq*.

WHEREFORE, Gallo prays for relief as set forth below.

**CLAIM THREE**

**(Federal Trademark Dilution – GALLO Trademark)**

16. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 15.

17. The GALLO trademark was strong, distinctive and famous long before Defendant adopted it. Gallo has used the GALLO trademark for nearly 75 years and has spent over $600,000,000 promoting it. The GALLO trademark is widely known. Wines and other goods bearing the GALLO trademark have been sold for decades in all retail channels where wines can be sold lawfully. The GALLO brand stands uniquely for goods produced or licensed by Gallo.

18. Defendant's mark is identical to Gallo's famous GALLO trademark. Defendant is attempting, plans, and intends to create consumer identification of the term "Gallo" on a nationwide basis. Defendant's use of the GALLO trademark in this manner dilutes the distinctive quality of the GALLO trademark and is therefore a violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125 (c). It causes Gallo to lose control of the manner in which its famous trademark is promoted and is directly contrary to Gallo's promotional efforts. It also creates in the minds of consumers the impression and understanding that there are now two GALLO brands, one for wine and another for Defendant's clothing, where for nearly seventy five years there has only been one.

WHEREFORE, Gallo prays for relief as set forth below.

/ / /

**CLAIM FOUR**

**(State Trademark Dilution – GALLO TRADEMARK)**

19. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 18.

20. Defendant's use of a GALLO trademark dilutes the distinctive quality of the GALLO trademark and is therefore a violation of California Business and Professions Code § 14200 *et seq.*

WHEREFORE, Gallo prays for relief as set forth below.

**CLAIM FIVE**

**(Federal Trademark Infringement – CARLO ROSSI Trademark)**

21. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 4.

22. Gallo owns all rights in and to, among others, the federal trademark registrations listed below, each of which is valid and subsisting, uncancelled and unrevoked:

| TRADEMARK | REG. NO. | ISSUE DATE | GOODS |
|---|---|---|---|
| CARLO ROSSI | 1,813,968 | 12-28-93 | Wines |
| CARLO ROSSI | 1,904,572 | 7-11-95 | Wines |

23. Gallo first began using the CARLO ROSSI trademark in 1962. The mark has been used continuously since that time, it has been heavily promoted, and it has been a leading consumer brand for over forty years. The CARLO ROSSI trademark has a high degree of consumer recognition and in the United States stands exclusively for goods made or licensed by Gallo. As such, it is extraordinarily strong and entitled to the broadest possible protection.

24. Gallo has vigorously protected its CARLO ROSSI trademark against third party infringement and dilution and has stopped others from using its marks on a variety of goods and services, including apparel. That enforcement program has preserved the effectively exclusive connection between the CARLO ROSSI trademark and Gallo.

25. Defendant sells clothing and other items via their web site, www.yoox.com. Its goods are available for purchase by everyone, including persons residing in this District. Defendant has satisfied orders from and sold goods to persons into this District.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

26. Defendant began using the trademark CARLO ROSSI without authorization from Gallo in the promotion and sale of the aforementioned goods in this District. Such unauthorized use of the CARLO ROSSI mark by Defendant creates a likelihood of confusion with Gallo's marks and products and constitutes an infringement of Gallo's trademark rights under 15 U.S.C. §§ 1114 *et seq*.

27. Defendant's infringing conduct is willful, intentional, and in bad faith. On information and belief, Defendant did not seek the advice of trademark counsel prior to beginning use of the CARLO ROSSI trademark.

WHEREFORE, Gallo prays for relief as set forth below.

**CLAIM SIX**

**(California Trademark Infringement – CARLO ROSSI Trademark)**

28. Gallo realleges and incorporates by reference the allegations of paragraphs 21 through 26.

29. Gallo owns all rights in and to the California trademark registrations listed below:

| MARK | NUMBER | DATE | GOODS |
|---|---|---|---|
| CARLO ROSSI | 98686 | 02-14-94 | Wines |

30. Gallo first used the registered trademark in California in 1962 and has used it continuously in California since that time.

31. Defendant's unauthorized use of the CARLO ROSSI mark creates a likelihood of confusion with Gallo's marks and products and constitutes an infringement of Gallo's trademark rights under California Business and Professions Code § 14200 *et seq*.

WHEREFORE, Gallo prays for relief as set forth below.

**CLAIM SEVEN**

**(Federal Trademark Dilution – CARLO ROSSI Trademark)**

32. Gallo realleges and incorporates by reference the allegations of paragraphs 21 through 31.

33. The CARLO ROSSI trademark was strong, distinctive and famous long before

Defendant adopted it. Gallo has used the CARLO ROSSI trademark for over 40 years and has spent a substantial amount promoting it. The CARLO ROSSI trademark is widely known. Wines and other goods bearing the CARLO ROSSI trademark have been sold for decades in all retail channels where wines can be sold lawfully. The CARLO ROSSI brand stands uniquely for goods produced or licensed by Gallo.

34. Defendant's mark is identical to Gallo's famous CARLO ROSSI trademark. Defendant is attempting, plans, and intends to create consumer identification of the term "Carlo Rossi" on a nationwide basis. Defendant's use of the CARLO ROSSI trademark in this manner dilutes the distinctive quality of the CARLO ROSSI trademark and is therefore a violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125 (c). It causes Gallo to lose control of the manner in which its famous trademark is promoted and is directly contrary to Gallo's promotional efforts. It also creates in the minds of consumers the impression and understanding that there are now two CARLO ROSSI brands, one for wine and another for Defendant's clothing, where for nearly seventy five years there has only been one.

WHEREFORE, Gallo prays for relief as set forth below.

**CLAIM EIGHT**

**(State Trademark Dilution – CARLO ROSSI Trademark)**

35. Gallo realleges and incorporates by reference the allegations of paragraphs 21 through 34.

36. Defendant's use of a CARLO ROSSI trademark dilutes the distinctive quality of the GALLO trademark and is therefore a violation of California Business and Professions Code § 14200 *et seq.*

WHEREFORE, Gallo prays for relief as set forth below.

**CLAIM NINE**

**(Violation of California Celebrity Image Protection Act – CARLO ROSSI)**

37. Gallo incorporates by reference the allegations of paragraphs 21 through 36.

38. Charles "Carlo" Rossi died in 1994. While his given name at birth was "Charles," he was known throughout his adult life as "Carlo."

39. During his lifetime, Carlo Rossi's name and likeness were featured on wine labels for wines produced by Gallo. This use of the name "Carlo Rossi" and Mr. Rossi's likeness was pursuant to an agreement between Mr. Rossi and Gallo. Gallo is the successor-in-interest to all rights pertaining to the name "Carlo Rossi" and his likeness. Gallo has filed a Registration of Claim as Successor-in-Interest with the California Secretary of State as provided for in California Civil Code Section 3344.1(f).

40. During his life, the name "Carlo Rossi" and Mr. Rossi were also featured prominently in television commercials, advertising collateral and point-of-sale materials, among other uses. As a result, upon his death Carlo Rossi became a "deceased personality" as that term is used in California Civil Code Section 3344.1.

41. Defendant's use of the name "Carlo Rossi" on the goods described in paragraph 25 is without Gallo's consent. Defendant's use of "Carlo Rossi" is for the purpose of, among other things, selling and soliciting sales of goods bearing the name "Carlo Rossi."

42. Defendant's use of "Carlo Rossi" as alleged herein has violated and, unless restrained and enjoined by this Court, will continue to violate California Civil Code Section 3344.1. Pursuant to its agreement with Mr. Rossi, Gallo continues to use his name and image on its CARLO ROSSI wines, website, and advertising.

43. As a result of Defendant's violations, Gallo is entitled to an award of statutory damages and defendant's profits from its unauthorized use of "Carlo Rossi."

44. Gallo is entitled to an award of its attorneys' fees and costs pursuant to California Civil Code Section 3344.1(a).

WHEREFORE, Gallo prays for relief as set forth below.

**CLAIM TEN**

**(Federal False Suggestion of Origin– CARLO ROSSI Trademark)**

45. Gallo realleges and incorporates by reference the allegations of paragraphs 21 through 44.

46. Defendant's use of the CARLO ROSSI trademark is a false suggestion or connection of origin in violation of 15 U.S.C. § 1125 (a).

WHEREFORE, Gallo prays for relief as set forth below.

**CLAIM ELEVEN**

**(California Unfair Competition – GALLO and CARLO ROSSI Trademarks)**

47. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 46.

48. Defendant's use of a GALLO trademark constitutes unfair competition under California Business and Professions Code Section § 17200.

49. Defendant's use of a CARLO ROSSI trademark constitutes unfair competition under California Business and Professions Code Section § 17200.

WHEREFORE, Gallo prays for relief as set forth below.

**CLAIM TWELVE**

**(Unjust Enrichment – GALLO and CARLO ROSSI Trademarks)**

50. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 49.

51. As a result of the conduct of Defendant, it has been unjustly enriched at the expense of Gallo and the law thereby implies a contract by which the Defendant must pay to Gallo the amount by which, in equity and good conscience, the Defendant has been unjustly enriched at the expense of Gallo.

WHEREFORE, Gallo seeks judgment against the Defendants as follows:

1. An injunction against Defendant enjoining any further infringement of Gallo's trademarks in the United States;

2. An injunction against Defendant enjoining further dilution of Gallo's trademarks in the United States;

3. An injunction against Defendant enjoining any further acts of unfair competition with Gallo in the United States.

4. An award in the amount by which Defendant has been unjustly enriched;

5. Costs of suit, including Gallo's reasonable attorneys' fees; and

6. Such further relief as this Court deems just.

Dated: June 30, 2008

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ D. Greg Durbin
D. Greg Durbin
Attorneys for Plaintiff
E. & J. Gallo Winery

1242487.v1

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501